USDC SCAN INDEX SHEET

















R1R   6/30/05   8:50

3:05-CV-00797   KYOCERA WIRELESS V. PRESIDENT ELECTRONIC

*17*

*P/A.*



**ORIGINAL**

1  Mark H. Snyder (Bar No. 222598)
Lee Hsu (Bar No. 175272)
2  David J. Huffaker (Bar No. 207619)
Kyocera Wireless Corp.
3  10300 Campus Point Drive
San Diego, California 92121
4  Telephone:    (858) 882-2400
Facsimile:    (858) 882-2485
5
Attorneys for Plaintiff,
6  KYOCERA WIRELESS CORP.,
a Delaware corporation
7

FILED
05 JUN 29 PM 3: 38
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

8

9            IN THE UNITED STATES DISTRICT COURT

10          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11

12  KYOCERA WIRELESS CORP., a Delaware
corporation,                              Case No. 05 CV 0797 H (JMA)

13                                        The Honorable Marilyn L. Huff
              Plaintiff,
14  v.                                    **MEMORANDUM OF POINTS AND
                                          AUTHORITIES IN SUPPORT OF
15  PRESIDENT ELECTRONICS, LTD., a        PLAINTIFF'S MOTION FOR
Canada Company, and TONY COLIDA, a       SUMMARY JUDGMENT OF
16  Citizen of Canada                     NONINFRINGEMENT**

17            Defendants.                 **Date:  August 1, 2005
                                          Time:  10:30 a.m.**
18

19  **I.      INTRODUCTION**

20          Plaintiff, Kyocera Wireless Corp. ("Kyocera"), brings this Motion under Rule 56 of the

21  Federal Rules of Civil Procedure, and requests that the Court enter a finding of summary

22  judgment of non-infringement.

23          Defendants President Electronics, Ltd. and Tony Colida (collectively "Defendants") have

24  asserted that Kyocera's Model KX9C cellular telephone (hereinafter "the KX9C phone")

25  infringes Defendants' U.S. Design Patent No. 321,347 (hereinafter "the '347 Design Patent").

26  Based upon Kyocera's reasonable apprehension of being sued by Defendants, Kyocera brought

27  the present Declaratory Judgment action seeking judgment of non-infringement of the '347

28  Design Patent.

---

Case 3:05-cv-00797-H-JMA   Document 17   Filed 06/29/05   Page 3 of 12

1    The scope of protection provided by design patents is very narrow. Summary judgment is

2    appropriate in deciding questions of infringement in design patent cases. All the Court must do

3    in the present case is to compare the drawings in the '347 Design Patent to the allegedly

4    infringing KX9C phone and to determine whether they are substantially similar, that is, whether

5    an ordinary observer would be deceived into purchasing the allegedly infringing KX9C phone by

6    believing it to be the patented design. There are no external facts to be discovered by the parties

7    or determined by the Court that are relevant to this infringement analysis. Therefore, the issue of

8    infringement in the present design patent case is ripe for determination on summary judgment.

9    Even a very superficial review by the Court will make it obvious that the KX9C phone is

10   not substantially similar to the design claimed in the '347 Design Patent. Indeed, the KX9C

11   phone bears little if any resemblance to the design claimed in the '347 Design Patent. The only

12   common elements between the '347 Design Patent and the KX9C phone are that they both

13   include microphones, speakers, keypads, and display screens, all of which are functional features

14   necessary to serve the utilitarian purpose of a cellular telephone but are of different visual

15   appearances. The mere presence of these functional features cannot, as a matter of law, be

16   protected by a design patent.

17   For these reasons, and further in the interests of conserving judicial resources, Kyocera

18   requests that the Court enter an order of summary judgment that the KX9C phone does not

19   infringe the '347 Design Patent.

20   **II.   UNDISPUTED FACTS**

21   Kyocera produces the KX9C model of cellular telephones that are accused of infringing

22   the '347 Design Patent by Defendants. Kyocera has not yet brought but plans to bring to the U.S.

23   market the KX9C phone in or around July 2005. Photographic reproductions accurately depicting

24   the KX9C phone are included as Exhibits 1, 2, and 3, respectively, of the Declaration of Lee Hsu

25   in Support of Plaintiff's Motion for Summary Judgment of Noninfringement (hereinafter "the

26   Hsu Declaration" or "Hsu Decl.").

27   The assertions of infringement against the KX9C phone relate to the '347 Design Patent.

28   A true and accurate copy of the '347 Design Patent is included as Exhibit 4 of the Hsu

-2-

1  Declaration.

2        There are no other facts necessary for the Court to consider in order to decide the issue of

3  substantial similarity between the allegedly infringing KX9C phone and the '347 Design Patent.

4  As more fully described below, the issue of substantial similarity is determinative of the issue of

5  infringement of the '347 Design Patent.

6  **III.    LEGAL STANDARDS**

7        A.    <u>Summary Judgment Is Proper If There Is No Genuine Issue Of Material</u>

8              <u>Fact And Movant Is Entitled To Judgment As A Matter Of Law</u>

9        Summary judgment is appropriate "if the pleadings, depositions, answers to

10  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

11  genuine issue as to any material fact and that the moving party is entitled to a judgment as a

12  matter of law." Fed. R. Civ. P. 56(c).  Rule 56 of the Federal Rules of Civil Procedure empowers

13  the Court to enter a summary judgment "upon proper showings of the lack of a genuine, triable

14  issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  Thus, summary

15  judgment may be granted when no reasonable jury could return a verdict for the nonmoving party.

16  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

17        In a summary judgment motion, the moving party bears the initial burden of establishing

18  "the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323.  When the

19  Court determines whether there is a genuine issue of material fact, "the evidence must be viewed

20  in the light most favorable to the party opposing the motion, . . . with doubts resolved in favor of

21  the opponent . . . ." *Transmatic, Inc. v. Gulton Indus., Inc.*, 53 F.3d 1270, 1274 (Fed. Cir. 1995).

22  However, the moving party is not required to produce evidence showing the absence of a genuine

23  issue of material fact, *Celotex Corp.*, 477 U.S. at 325, nor is it required to offer evidence negating

24  the nonmoving party's claim. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990); *see also*

25  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542-43 (9th Cir. 1989).

26  Instead, "the motion [for summary judgment] may, and should, be granted so long as whatever is

27  before the district court demonstrates that the standard for the entry of summary judgment, as set

28  forth in Rule 56(c), is sastisfied." *Lujan*, 497 U.S. at 885 (*quoting Celotex Corp.*, 477 U.S. at

323).

B.   **Summary Judgment Is Appropriate For Determining**

**Questions Of Infringement In Design Patent Cases**

Summary judgment is appropriate in deciding questions of infringement in design patent cases. *See OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1409 (Fed. Cir. 1997). The Court must compare the drawings and description of a design patent to the accused product to determine whether the accused product infringes the design patent. *Id.* at 1405.

C.   **The Scope Of A Design Patent Is Very Narrow**

A design patent protects only the "non-functional aspects of an ornamental design as shown in the patent." *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995). The claim in a design patent "is limited to what is shown in the application drawings." *In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988); *see also Door-Master Corp. v. Yorktowne, Inc.*, 256 F.3d 1308, 1313 (Fed. Cir. 2001). The scope of a claimed design encompasses "its visual appearance as a whole." *Durling v. Spectrum Furniture Co., Inc.*, 101 F.3d 100, 105 (Fed. Cir. 1996). In summary, "[d]esign patents have almost no scope." *Mann*, 861 F.2d at 1582.

Determination of infringement in a design patent case involves a two-step analysis. First, the Court must determine whether the allegedly infringing design is substantially similar to the patented design. *Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc.*, 853 F.2d 1557, 1565 (Fed. Cir. 1988). If the Court finds that the designs are substantially similar, then it must also determine whether the allegedly infringing design has appropriated "the novelty in the patented device which distinguishes it from the prior art." *Id.* (*quoting Shelcore, Inc. v. Durham Indus., Inc.*, 745 F.2d 621, 628 n.16 (Fed. Cir. 1984).

1.   **Defendants Must Prove That Kyocera's KX9C Phone Is**

**Substantially Similar To The Defendants' Design Patent**

A patentee bears the burden of proving the elements of infringement of a design patent. *Elmer*, 67 F.3d at 1577. In the first step, that is, in the substantial similarity test, the Court determines whether an ordinary observer would be deceived into purchasing the accused design, by believing it to be the patented design. *Id.; see also Gorham Co. v. White*, 81 U.S. (14 Wall.)

-4-

511, 528 (1871). To do so, the Court must visually compare the patented and accused designs for overall visual similarity, *Payless Shoesource, Inc. v. Reebok Int'l Ltd.,* 998 F.2d 985, 990 (Fed. Cir. 1993), and determine whether a "jury reasonably could have concluded that they are substantially similar." *Elmer,* 67 F.3d at 1577.

Similarities that may exist between the allegedly infringing design and any functional features of the patented design must not be considered by the Court. A design patent protects only the ornamental features and not the functional features of the patented design. *OddzOn Prods., Inc.,* 122 F.3d at 1405. The design of an article is functional when the appearance of the design is dictated by the use or purpose of the article. *L.A. Gear, Inc. v. Thom McAn Shoe Co.,* 988 F.2d 1117, 1123 (Fed Cir. 1993). Accordingly, if the '347 Design Patent contains both functional and ornamental features, Defendants must show that the perceived similarity is based solely on the ornamental features of the design. *See OddzOn Prods., Inc.,* 122 F.3d at 1405.

2.  **Defendants Must Prove That Kyocera's KX9C Phone Appropriates The Novelty In The Defendants' Design Patent**

For Defendants to satisfy the second step of the infringement analysis, no matter how visually similar the two items look, "the accused device must appropriate the novelty in the patented device which distinguishes it from the prior art." *Payless Shoesource, Inc.,* 998 F.2d at 990 (*quoting Avia Group Int'l, Inc.,* 853 F.2d at 1565). Kyocera does not believe that Defendants are capable of carrying their burden of proof in establishing the first step of the infringement analysis, that there is substantial similarity between Kyocera's KX9C phone and the '347 Design Patent. As a result, the Court need not consider whether the KX9C phone has appropriated the novelty in the '347 Design Patent.

IV.  **INFRINGEMENT ANALYSIS**

A.  **The Issue of Infringement Is Ripe For Adjudication By Summary Judgment**

Despite the early stage of litigation in this case, there are no genuine issues of material fact that would preclude the Court from rendering judgment on the issue of infringement pursuant to this Motion for Summary Judgment. The Court must visually compare the drawings and description of the '347 Design Patent to the KX9C phone to determine whether a jury could

-5-

1  reasonably conclude that they are substantially similar. *See Elmer*, 67 F.3d at 1577. Each of

2  these items, namely, the '347 Design Patent and the KX9C phone, are before the Court. (Exhibits

3  1-4 of the Hsu Declaration). Accordingly, all of the relevant facts required for the Court to render

4  a decision regarding the issue of substantial similarity, and thus infringement, are before the

5  Court, and therefore summary judgment on the issue of infringement in this case is appropriate.

6  **B.     The Kyocera KX9C Phone Is Not Substantially Similar To The**

7  **'347 Design Patent**

8  The Court should narrowly construe the claim to the drawings depicted in the '347 Design

9  Patent. *See Mann*, 861 F.2d at 1582. The dominant ornamental features, if any, of the '347

10 Design Patent are not present in the KX9C phone. Indeed, the weight of the evidence is

11 overwhelming in favor of a finding of noninfringement. The only common elements present in

12 the '347 Design Patent and the KX9C phone are microphones, keypads, display screens, and

13 speakers. All of these elements are required to serve the essential purpose of a cellular phone,

14 and are therefore functional. *See L.A. Gear, Inc.*, 988 F.2d at 1123. Accordingly, these

15 functional features cannot, as a matter of law, be protected by the '347 Design Patent. *See*

16 *OddzOn Prods., Inc.*, 122 F.3d at 1405.

17 The '347 Design Patent includes a sole claim to an "ornamental design for a portable

18 cellular handset telephone, as shown and described." (Exhibit 4, Hsu Decl., ¶ 7). Figures 1, 2

19 and 5 illustrate the ornamental design of the '347 Design Patent as follows:

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28

-6-

FIG. 1                FIG. 2                FIG. 5

'347 DESIGN PATENT

(Exhibit 4, Hsu Decl., ¶ 7).

///

///

Defendants assert infringement of the '347 Design Patent by Kyocera's KX9C phone. The corresponding views of the KX9C phone are pictured below as follows:

///

///

///

///

///

///

///

///

///

///

-7-





|  |  |  |
| --- | --- | --- |
| **(a) Perspective View** | **(b) Front View** | **(c) Top Plan View** |
| **in Open Position** | **in Open Position** | **in Closed Position** |

**KYOCERA KX9C CELLULAR PHONE**

(Exhibits 1-3, Hsu Decl., ¶¶ 4-6).

To determine whether there is infringement, the Court must compare the '347 Design Patent to the KX9C phone for overall visual similarity. *See Payless Shoesource, Inc.*, 998 F.2d at 990. The illustrations provided immediately above, and the comparisons made below, demonstrate that the design claimed by the '347 Design Patent is remarkably different from the KX9C phone.

Most noticeable in the '347 Design Patent is that the front edges of both top and bottom portions of the phone have a pronounced and consistently curved "S" shape, as can be seen in Figure 1. In contrast, the front edges of the KX9C phone do not have such "S" shaped curvature. Moreover, the phone shown in the '347 Design Patent does not include a visible antenna, whereas the KX9C phone has a prominent antenna positioned on the top right of the phone in its closed

-8-



1   position.  Furthermore, the '347 Design Patent phone has deeply recessed areas on the front face

2   of the phone where the screen and the keypad are located.  The KX9C phone does not have such

3   recessed areas on its front face.  On the outer surface of the top portion of the phone as depicted

4   in Figure 5 of the '347 Design Patent, there is no display screen whatsoever.  In contrast, the

5   KX9C phone has a liquid crystal display (LCD) screen on the outer surface of its top portion.

6   Just these few dominant features, either alone, or in combination, illustrate that the KX9C phone

7   creates an overall different visual impression from the design claimed in the '347 Design Patent.

8   Indeed, the KX9C phone is completely unlike anything claimed in the '347 Design Patent.

9         Additional comparisons between the more obvious features of the '347 Design Patent and

10   the KX9C phone are shown in Table 1 below.  Each of these comparisons further emphasizes

11   how completely dissimilar the KX9C phone is from the design claimed in the '347 Design Patent.

12   / / /

13   / / /

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   **Table 1: Claim Chart Comparing the '347 Design Patent to the KX9C Phone**

| FEATURE | SIMILARITY | '347 PATENT | KX9C PHONE |
|---|---|---|---|
| Overall geometry | None | Distinctly contoured "S" shaped edges on upper and lower portions in perspective view. | Upper and lower portions have no such "S" shaped edges in perspective view. |
| Antenna | None | No visible antenna. | Obvious protruding antenna. |
| Front display screen (open position) | None | Elongate screen in transverse direction, with straight transverse edges and curved longitudinal edges. | Square screen. |
| Keypad | None | Seven rows of three buttons each, all of which are of the same size. | Four rows of three buttons each, plus complex design navigation buttons. |
| Buttons | None | All buttons are of same size and shape; each button appears to be elliptically shaped. | Buttons are of different sizes and shapes. |
| Speaker holes | None | Single row of eight rectangular holes. | Two arched holes within arched recesses, plus an arched recess without any hole therein. |
| Microphone holes | None | Three rectangular holes, centered left to right. | A single hole offset to the right. |
| Outer surface of top portion (closed position) | None | No screen display. | An LCD display on the outer surface of top portion. |

///

Based upon the foregoing analysis, it is inconceivable that an ordinary observer would be deceived into purchasing the KX9C phone, believing them to be the patented design in the '347 Design Patent. With such striking differences between the '347 Design Patent and the KX9C phone, it is unreasonable to believe that any ordinary observer could possibly be deceived into purchasing the KX9C phone, by believing it to be the patented design in the '347 Design Patent.

Defendants, which in this case are the patentee, bear the burden of showing the elements of infringement of a design patent. *See Elmer*, 67 F.3d at 1577. The facts demonstrate a clear and convincing case that the KX9C phone is not substantially similar to the '347 Design Patent. There is no need for the Court to proceed to the second step in the infringement analysis, that is,