Case 3:05-cv-00797-H-JMA   Document 19   Filed 07/18/05   Page 1 of 7

USDC SCAN INDEX SHEET










R1R    7/20/05    11:40

3:05-CV-00797    KYOCERA WIRELESS V. PRESIDENT ELECTRONIC

*19*

*OPPM.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

FILED
JUL 1 8 2005

KYOCERA WIRELESS CORP.,
Plaintiff

v.

PRESIDENT ELECTRONICS, LTD.
and
TONY COLIDA
Defendants

Case no. 05 CV 0797H (JMA)

The Honorable Marilyn I. Huff

## CONTESTATION BY DEFENDANTS ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT

### 1. Introduction

Defendant seeks dismissal of the Motion of Plaintiff Kyocera ("Kyocera") under Rule 56, Fed. R. Civ. P., which requests the Court enter a finding of summary judgment of non-infringement.

Plaintiff has asserted that a certain model of Kyocera's wireless phones (KX9C) («Phone») does not infringe Mr. Colida's design patents.

### 2. Kyocera's claim of Infringement

The issue before this Court is infringement: whether an ordinary observer would be deceived into purchasing the allegedly infringing phones believing them to be the patented design, and if so, the degree and quantum of damages. There are external facts to be discovered by the parties or determined by the Court that are relevant to this infringement and damage analysis, making this issue unsuitable for determination or summary judgment.

However, Kyocera asserts the claim *"Based on Kyocera's reasonable apprehension of being sued by Defendants"*. As of the present date, there is no pending action against Kyocera and none has been served or filed. Kyocera is taking procedural advantage of

19

the fact that Defendants are domiciled in Canada, and so do not have the means to fully contest the present procedure with the advantage of American counsel.

Defendant asserts that the Phone is substantially similar to the designs claimed in Defendant's Design Patents. Plaintiff refuses to admit in its own Memorandum any of the common elements between the Defendant's Design Patents and the Kyocera Phones in regard to microphones, keypads, LCD screens, and speakers, in a form, style and design which go beyond merely « functional « elements necessary to serve the purpose of a cellular phone.

Defendant is entitled to assert in any proceeding he might institute, if such is his desire, that he has suffered damages, which as to degree and quantum, requires proof of witnesses and documentary evidence going beyond the scope of summary judgment.

Plaintiff has admitted it produces a phone. Photographic reproductions depicting the Phones appear in Plaintiff's Motion. While a comparison of documents may be one way of deciding substantial similarity between the allegedly infringing Phones and the Defendant's Design Patents, documentary and live testimony will be required on the issue of damages.

A determination of infringement in a design patent case involves a two-step analysis. First, the Court must determine if the allegedly infringing design is substantially similar, then it must also determine whether the allegedly infringing design has appropriated the novelty in the patented device which distinguishes it from the prior art. Proof is required of the prior art.

Proof of the distinction between the functional and ornamental requires evidence going beyond the mere documentary : *OddzOn Products,* 122 F. 3d at 140.

## COMPARISON CHART BETWEEN '347 PATENT AND KX9C

| FEATURE | SIMILARITY | '347 PATENT | KX9C |
|---|---|---|---|
| Antenna | Yes | No visible antenna. Smooth top surface when open. | Same. |
| Screen and keypad area | Yes | Recessed and angled area for screen and keypad, located on separate portions. | Screen and keypad recessed and positioned on separate portions. |
| Keypad | Yes | Rows of three buttons each; all buttons of the same size below screen. | Rows of three buttons of the same size below screen. |
| Buttons | Part | All of same size and shape. | Assymetrical circular buttons of same size and shape. |
| Speaker hole. | Yes | Located on upper portion. | Located on upper portion. |
| Hinge | Yes | Hinge in center | Hinge in Center |
| Body | Yes | Two piece | Two piece |

Plaintiff has only made reference to one of Colida's design patents. He is the owner of other design patents which Plaintiff has failed to place in evidence.

3.  **Claim is hypothetical**

Even if there is no infringement by Kyocera, its action must fail for the following reasons:

i.   There is no pending action by Colida against Kyocera: none filed or served in any jurisdiction;

ii.  If there is no infringement, as Kyocera claims, there is no genuine issue of infringement;

iii. If the non-existence of infringement is so apparent as to merit a summary judgment, then there is no need for either apprehension of suit by Kyocera, nor a judgment;

iv.  Given that Colida owns other design patents on phones which Plaintiff has failed to place in evidence, it is apparent that the present declaratory recourse will not put an end to potential litigation on infringement by Kyocera's KX9C phone.

v.   Finally, there is no allegation by Kyocera that it has taken proceedings in the appropriate jurisdiction;

## CONCLUSION

Kyocera's proceeding is purely hypothetical and should be dismissed on that basis alone.

Subsidiarily, there are genuine issues of material fact, and summary judgment on the issue of infringement therefore is not appropriate. For the reasons stated above, a reasonable jury could find that Kyocera's Phone and Defendant's Design Patent are substantially similar.

**I declare under penalty of perjury under the Laws of the United States of America that the foregoing is true and correct.**

DATED:     July 14, 2005

_____
Tony Colida, Petitioner
6280 Decarie Boulevard, Suite 811
Montreal, Quebec H3X 2K1 CANADA
Tel:/Fax 514-735-8067

## CERTIFICATE OF SERVICE

I, Tony Colida, a non-attorney, hereby depose and state that I caused true and correct copies of **Defendant's Contestation of Plaintiff's Motion for Summary Judgment and Memorandum of Points and Authorities Against Plaintifft's Motion for Summary Judgment of Non-Infringement** to be served upon the counsel at the address listed above.

DATED: July 14, 2005

_____
Tony Colida, Petitioner
6280 Decarie Boulevard, Suite 811
Montreal, Quebec H3X 2K1 CANADA
Tel:/Fax 514-735-8067


Mark H. Snyder (Bar No. 222598)
Lee Hsu (Bar No. 175272)
David J. Iluffaker (Bar No. 207619)
Kyocera Wireless Corp.
10300 Campus Point Drive
San Diego, California 92121
Telephone (858)882-2400
Facsimile: (858) 882-2485

**Attorneys for Plaintiff**

*From:* **Mr. Tony Colida**
6280 Decarie Blvd.
Suite 811
Montreal, Quebec H3X 2K1
CANADA
Tel: and Fax: 514-735-8067

---

<u>Via -Telecopier - Original by Mail</u>

July 14, 2005

**United States District Court**
**Southern District of California**
Office of the Clerk
Edward J. Schwartz Federal Building
880 Front Street, Room 4290
San Diego, California 92101-8900
U. S. A.

<u>Re: Kyocera Wireless Corp., v. Tony Colida - Civil Action No.: 05--0797 H (JMA)</u>

Dear Clerk of the Court:

Please find attached an original and a copy of my Opposition to Plaintiff's Motion for Summary Judgment of Non-Infringement.

Thank you for your understanding.


Sincerely yours,

Tony Colida
(Pro Se, Defendant)

enclosure:

cc: Mark H. Snyder, Esq.
    (Counsel for Plaintiff)